IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KYLL LAVALAIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 6921 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| VILLAGE OF MELROSE PARK and SAM | ) | |
| PITASSI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kyll Lavalais filed a four-count complaint against his employer, the Village of
Melrose Park, and the village's Chief of Police, Sam Pitassi. Counts I and II allege racial
discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e, et. seq. Counts III and
IV allege violations pursuant to 42 U.S.C. § 1983 and Monell v. Department of Social Services
City of New York, 436 U.S. 658 (1978). Defendants have moved to dismiss pursuant to Fed. R.
Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons
discussed below, defendants' motion to dismiss is granted.

## FACTS

Plaintiff is a sergeant for the Village of Melrose Park police department. Prior to his
promotion to sergeant, in December 2010 plaintiff filed a discrimination charge with the Equal
Employment Opportunity Commission (EEOC). The charge alleged that he was "subjected to
different terms and conditions of employment, including, but not limited to, not being allowed to
act as Supervisor, whereas less senior, non-Blacks have been." Plaintiff filed an additional EEOC
charge on January 7, 2011, alleging that he was subjected to discipline for his initial EEOC charge.
Plaintiff was subsequently promoted to sergeant on February 5, 2011, and placed on the midnight

shift. On September 29, 2011, the EEOC closed its file on plaintiff's initial charge and notified him

of his right to sue within 90 days. He did not do so. On April 2, 2012, plaintiff wrote to defendant

Pitassi and requested a transfer from the midnight shift, which was denied. Plaintiff then filed a new

charge with the EEOC on July 18, 2012. The new charge alleged different facts than the original

claim, including an allegation that he had been placed on the midnight shift indefinitely because of

his race. On August 22, 2012, the EEOC issued a right to sue letter to plaintiff based on the July 18,

2012 charges. Plaintiff brought the instant case on August 28, 2012.

## LEGAL STANDARD

Defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim

upon which relief can be granted. The purpose of such a motion is to test the sufficiency of the

complaint, not to rule on its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir.1990).

When considering the motion, the court accepts as true all well-pleaded factual allegations and

draws all reasonable inferences in plaintiff's favor. McMillan v. Collection Professionals Inc., 455

F.3d 754, 758 (7th Cir. 2006). The complaint must plead sufficient facts to plausibly suggest that

plaintiff has a right to relief and raise that possibility above the speculative level. Bell Atlantic Co.

v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

A.   Title VII Claims

Defendants first argue that plaintiff's Title VII claims in counts I and II are time-barred

because his EEOC charge was not filed "within three hundred days after the alleged unlawful

employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); Stepney v. Naperville Sch. Dist. 203,

392 F.3d 236, 239 (7th Cir. 2004). Plaintiff's First Amended Complaint alleges unlawful

discrimination and retaliation because he was placed on the midnight shift indefinitely. Plaintiff was promoted and placed on the midnight shift on February 5, 2011, but he did not file a charge with the EEOC complaining about his placement on the midnight shift until July 18, 2012, over 300 days later. Any allegations involving his initial placement on the midnight shift are therefore time-barred. 42 U.S.C. § 2000e-5(e)(1).

Plaintiff argues that the applicable date is not the date of his promotion and initial placement, but rather the April 2, 2012, date when defendant Pitassi denied plaintiff's written request for a transfer. This date falls well within the 300-day statute of limitations. If the denial of plaintiff's requested transfer was included in plaintiff's 2012 EEOC charge, then that portion of plaintiff's complaint is not time-barred. The 2012 EEOC charge alleged, "Similarly situated officers not in the protected class are treated more favorably . . . as to policies and re-assignment. I have been placed on the midnight shift indefinitely because I am black."

Plaintiff's July 18, 2012, EEOC charge does not specifically mention that he was denied transfer. A plaintiff "may not bring claims under Title VII that were not originally included in the charges made to the EEOC." Moore v. Vital Products, Inc., 641 F.3d 253, 256 (7th Cir. 2011). A claim may still be brought, however, if it is "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." Moore v. Vital Products, Inc., 641 F.3d 253, 256 (7th Cir. 2011) (quoting Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir.1976) (en banc). Plaintiff's denial of transfer is sufficiently "like or reasonably related" to being placed on midnight shift indefinitely. The denial of transfer ensures that he remains on his current shift "indefinitely." Moreover, plaintiff alleged in his EEOC charge that similarly situated white officers were treated more favorably as to re-assignment, which is directly relevant to a denial of

transfer. Because the denial of transfer occurred within the 300-day statute of limitations, the claim is not time-barred. The events leading up to the transfer, including plaintiff's initial placement on the midnight shift, are not themselves actionable, but may be admissible to show discrimination.

Defendants next argue that the Title VII claims are time-barred because plaintiff failed to file suit within 90 days of receipt of the EEOC's right to sue notice, as required under 42 U.S.C. § 2000e-5(f)(1). Plaintiff's right to sue letter was dated August 22, 2012, and he brought suit on August 28, 2012, within the 90-day limitation period. Defendants argue that the 2012 charge is "substantively the same claim he made in his 2010 and 2011 EEOC charges." After plaintiff filed the 2010 and 2011 EEOC charges, however, he was promoted, placed on the midnight shift, and later denied a transfer. It was these events that gave rise to the 2012 charge. The new events raise different, distinct facts from the 2010 and 2011 charges. The plaintiff's suit is not time-barred by the 90-day statute of limitations.

Next, defendants argue that a denial of transfer is not a materially adverse employment action, which is a required element of a race discrimination claim under Title VII. Lucero v. Nettle Creek Sch. Corp., 566 F.3d 720, 728 (7th Cir. 2009); Keri v. Bd. of Trustees of Purdue Univ., 458 F.3d 620, 643 (7th Cir. 2006). The Seventh Circuit has held that "a *purely* lateral transfer, that is, a transfer that does not involve a demotion in form or substance, cannot rise to the level of a materially adverse employment action. A transfer involving no reduction in pay and no more than a minor change in working conditions will not do, either." Williams v. Bristol-Myers Squibb Co., 85 F.3d 270, 274 (7th Cir. 1996). The same rule applies to a denial of a transfer. See, e.g., Hoenstine v. City of Indianapolis Police Dept., 2007 WL 79101, at *6 (S.D. Ind. Jan. 8, 2007) (there

was no materially adverse employment action where the plaintiff was denied a transfer for a position that involved no change in "rank, pay, seniority, or benefits.")

Plaintiff has not alleged that the other assignments he requested would involve a change in rank, pay, seniority or benefits. He alleges instead that by remaining on midnight shift indefinitely, he has suffered a "constructive demotion," because he is seldom able to perform supervisory sergeant duties on his current shift. The test to establish constructive demotion is the same as the test for a constructive discharge. Simpson v. Borg-Warner Auto., Inc., 196 F.3d 873, 876 (7th Cir. 1999). First, a plaintiff must "show that his working conditions were so intolerable that a reasonable person would have been compelled to resign." Id. at 877 (quoting Rabinovitz v. Pena, 89 F.3d 482, 489 (7th Cir.1996)). Second, "the conditions 'must be intolerable because of unlawful discrimination.'" Id. (quoting Drake v. Minnesota Mining & Mfg. Co., 134 F.3d 878, 886 (7th Cir.1998)). Plaintiff's "constructive demotion" argument fails under the first prong: the conditions in this case are not so intolerable that a reasonable person would have resigned. Plaintiff's denial of transfer is therefore not a materially adverse employment action and does not state a plausible discrimination claim under Title VII.

Plaintiff's retaliation claim is barred because it varies from his EEOC charge. A civil action must be "like or reasonably related" to the allegations in the EEOC charge. Danner v. Phillips Petroleum Co., 447 F.2d 159, 162 (5th Cir. 1971). This is because "allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." Babrocky v. Jewel Food Co., 773 F.2d 857, 863 (7th Cir. 1985). Plaintiff did not allege

retaliation in the 2012 EEOC charge, and although he alleged it in his 2011 charge, he did not file this action within 90 days of receipt of the right to sue letter for the 2011 charge.

An exception to the variance rule permits retaliation claims that arose "*after* the charge of discrimination had been filed." Steffen v. Meridian Life Ins. Co., 859 F.2d 534, 545 n. 2 (7th Cir. 1988). Plaintiff alleges, however, that he was placed on the midnight shift in retaliation for his earlier 2010 claim. The alleged retaliatory conduct occurred *before* the EEOC charge in 2012. The retaliation allegation arose from the same incident as the discrimination allegation, rather than following from it; therefore the exception does not apply. Because the retaliation claim varies from the EEOC charge, the claim is inadmissible.

Because plaintiff's denial of transfer was the only claim under Title VII that is not time-barred, and that event does not constitute a materially adverse employment action, Counts I and II are dismissed for failure to state a claim.

B.    Section 1983 Claims

Defendants next argue that all the claims should be dismissed for failure to state a plausible claim, because they do not allege a materially adverse employment action. Defendants also assert that plaintiff's Monell claim fails because he has not shown that defendant Pitassi had policymaking authority. Since plaintiff's Title VII claims are already dismissed on other grounds, the court need address only whether his § 1983 claims are sufficient to survive the motion to dismiss.

A § 1983 claim need not state a materially adverse employment action. Power v. Summers, 226 F.3d 815, 820 (7th Cir. 2000). A plaintiff need only show that the complained of action is adverse enough to deter the plaintiff from exercising a constitutional right. Id. at 820-21. Nevertheless, a plaintiff cannot use § 1983 to "bypass the procedural requirements of Title VII" and

enforce Title VII rights.  <u>Gray v. Lacke</u>, 885 F.2d 399, 414 (7th Cir. 1989).  "Section 1983 provides a remedy for deprivation of constitutional rights. It supplies no remedy for violations of rights created by Title VII."  <u>Id.</u>  For plaintiff's § 1983 claims to survive, he must allege a constitutional violation that is distinct from the rights created in Title VII.  <u>Id.</u>

Plaintiff alleges a violation of the Equal Protection Clause.  He alleges that defendants interfered with the enjoyment of his employment benefits and contract rights, and that he was treated differently from similarly situated individuals because of his race. The Supreme Court has allowed "class-of-one" claims under the Equal Protection Clause, where an individual, and not a group, is alleging different treatment.  <u>Vill. of Willowbrook v. Olech</u>, 528 U.S. 562, 564-565 (2000).  In <u>Engquist v. Oregon Department of Agriculture</u>, however, the Supreme Court held that "the class-of-one theory of equal protection has no application in the public employment context."  <u>Engquist v. Oregon Department of Agriculture</u>, 553 U.S. 591, 607 (2008).  The Court reasoned that, unlike the property regulation issue in <u>Orech</u>, employment decisions necessarily require discretion.  <u>Engquist</u>, 553 U.S. at 607.  Plaintiff alleges that defendants treated him arbitrarily and capriciously; however, the Court has "never found the Equal Protection Clause implicated . . . where, as here, government employers are alleged to have made an individualized, subjective personnel decision in a seemingly arbitrary or irrational manner."  <u>Engquist</u>, 553 U.S. at 605.  Plaintiff's class-of-one claim arises in the public employment context and is clearly not actionable under <u>Engquist</u>.  His § 1983 claims are therefore dismissed.   Because plaintiff fails to state a plausible § 1983 claim, the court need not address whether defendant Pitassi would have sufficient policymaking authority under plaintiff's <u>Monell</u> claim.

Because plaintiff fails to state a plausible claim under § 1983 and Title VII, defendants' motion to dismiss is granted.

## <u>CONCLUSION</u>

For the reasons discussed above, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

**ENTER:** **January 18, 2013**

**Robert W. Gettleman**
**United States District Judge**